# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40281
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO ROJAS-MARROQUIN, also known as Oscar Medina

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-672-2

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Ricardo Rojas-Marroquin (Rojas) appeals the 97-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 500 grams but less than five kilograms of cocaine. Rojas argues that his sentence should be vacated as procedurally unreasonable because at the time of sentencing the district court was precluded by this court's precedent from considering mitigation evidence in support of a below guidelines

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. He further contends that this court's precedent following United States v. Booker, 543 U.S. 220 (2005), effectively made the Guidelines mandatory and prevented the district court from considering all of the 18 U.S.C. § 3553(a) factors. He asserts that the decisions in Rita v. United States, 127 S. Ct. 2456 (2007), Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), make it clear that the Guidelines "'are only one factor to consider when imposing [a] sentence,'" and that a district court should impose an individualized sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing under § 3553(a).

This court reviews a sentencing decision for "reasonableness," which is the equivalent of abuse-of-discretion review. Gall, 128 S. Ct. at 594. At the sentencing hearing, Rojas did not offer any argument or mitigation evidence to support a downward departure. The court heard the arguments of counsel and the comments by Rojas regarding the disputed facts contained in the presentence report, specifically referred to circumstances affecting consideration of the § 3553(a) factors, and concluded that a sentence within the guidelines range was appropriate in light of those considerations. Nothing in the record suggests that the district court was in any way inclined to deviate below the guidelines ranges. In fact, after imposing Rojas's within guideline sentence, the district court specifically informed Rojas that his sentence was based on a consideration of "all the applicable [§] 3553(a) factors." The district court further informed Rojas that the 97-month sentence was a "generous sentence" given the amount of cocaine involved, Rojas's actions at the time of the offense, and the way Rojas had conducted himself at the sentencing hearing. The district court's decision to sentence Rojas within the guidelines range is entitled to deference and a presumption of reasonableness that Rojas has failed to overcome. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); See United States v. Campos- Maldonado, 531 F.3d 338, 339 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.